FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 4 - 2009

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **09CV02840**

MONTGOMERY CARL AKERS,

    Plaintiff,

v.

WILEY Y. DANIEL,
LEWIS T. BABCOCK,
ZITA L. WEINSHIENK,
ROBERT BLACKBURN,
BOYD N. BOLAND,
RON WILEY,
BLAKE R. DAVIS,
CHRISTOPHER SYNSVOLL,
DIANNA J. KRIST,
WENDY HEIM,
MICHELLE BOND,
RICK MARTINEZ,
TENA SUDLOW, and
D. FOSTER,

    Defendants.

---

### ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION AND DISMISSING THE ACTION

---

Plaintiff Montgomery Carl Akers is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Akers has submitted to the Court *pro se* "Plaintiff's Motion to Commence a Civil Action in the United States District Court, District of Colorado, Based on the Sanction Order Contained in Akers v. Sandoval, Case No. 94-cv-2445-B," a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, and

a Prisoner Complaint. The Clerk of the Court will be directed to commence a civil action. For the reasons stated below, the action will be dismissed.

Mr. Akers is subject to a sanction order that restricts his ability to file *pro se* actions in this court. See **Akers v. Sandoval**, No. 94-B-2445 (D. Colo. June 20, 1995); *aff'd*, 100 F.3d 967 (10th Cir. 1996). In 94-B-2445, Mr. Akers was

> enjoined and prohibited from initiating any civil action in the United States District Court for the District of Colorado without representation by an attorney licensed to practice in the State of Colorado or duly admitted to practice in the United States District Court for the District of Colorado unless he first obtains leave of court to proceed pro se.

*Id*. at 3. As noted above, Mr. Akers has filed a motion seeking leave of court to proceed *pro se* in this action. Because the Court finds that the Prisoner Complaint is deficient, the motion for leave to proceed *pro se* will be denied.

Mr. Akers alleges that "[t]his case is about a conspiracy to deny the Plaintiff his constitutional rights to meaningfully access the courts, family, friends, financial institutions, and clergy by the named Defendants." (Prisoner Compl. at 3.) He specifically asserts three claims against nine prison officials as well as four district court judges and one magistrate judge in the District of Colorado, all of whom allegedly conspired to violate his constitutional rights. Mr. Akers asserts his claims pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971). In order to succeed in a **Bivens** action, Mr. Akers must demonstrate that federal officials violated his rights under the United States Constitution while acting under color of federal law. See **Dry v. United States**, 235 F.3d 1249, 1255 (10th Cir. 2000).

2

The Prisoner Complaint is deficient because Mr. Akers fails to allege specific facts in support of his vague and conclusory claims to demonstrate that each Defendant has violated his constitutional rights. Although the Prisoner Complaint must be construed liberally, the Court will not construct legal arguments for a *pro se* litigant. **See Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). Furthermore, "[c]onclusory allegations of conspiracy are insufficient to state a valid [constitutional] claim." **Durre v. Dempsey**, 869 F.2d 543, 545 (10th Cir. 1989). In order to state a claim in federal court, Mr. Akers "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). He has failed to do so.

Given the lack of specific facts in support of his vague and conclusory allegations of a conspiracy between federal prison officials and a number of judicial officers in the District of Colorado, the Court does not agree with Mr. Akers' contention that his complaint "is not interposed for the purposes of harassment or otherwise." ("Plaintiff's Motion to Commence a Civil Action in the United States District Court, District of Colorado, Based on the Sanction Order Contained in Akers v. Sandoval, Case No. 94-cv-2445-B" at 3.) Therefore, because the Court finds that the Prisoner Complaint is deficient, the motion to proceed *pro se* will be denied. Accordingly, it is

ORDERED that the clerk of the Court commence this civil action. It is

FURTHER ORDERED that "Plaintiff's Motion to Commence a Civil Action in the United States District Court, District of Colorado, Based on the Sanction Order Contained in Akers v. Sandoval, Case No. 94-cv-2445-B" is denied. It is

FURTHER ORDERED that the Prisoner Complaint and the action are dismissed in accordance with the sanction imposed in **Akers v. Sandoval**, No. 94-B-2445 (D. Colo. June 20, 1995). It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is denied as moot.

DATED at Denver, Colorado, this _3rd_ day of _December_, 2009.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. **09CV02840**

Montgomery C. Akers
Reg. No. 02866-081
USP Florence-ADMAX
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on __12-4-09__.

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk